IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-463-FL

| | | |
|---|---|---|
| DIRECTV, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIC BERNARD GREEN, Individually, and as officer, director, shareholder and/or principal of Big Shots Entertainment Sports Bar & Grill, Inc., d/b/a Big Shots Entertainment Sports Bar and Grill, a/k/a Big Shots Sports Bar & Grill; and BIG SHOTS ENTERTAINMENT SPORTS BAR & GRILL, INC., doing business as Big Shots Entertainment Sports Bar and Grill, also known as Big Shots Sports Bar & Grill, | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for default judgment (DE # 15). For reasons given, plaintiff's motion is granted, and the court awards damages and attorneys' fees to the extent set forth herein.

**BACKGROUND**

Plaintiff filed this action on August 14, 2014, alleging unauthorized publication or use of communications, in violation of 47 U.S.C. § 605(a); interception and disclosure of wire, oral or electronic communications, in violation of 18 U.S.C. § 2511; and civil conversion. Defendants were served on August 19, 2014, but neither have filed an answer or otherwise appeared. Plaintiff now

seeks default judgment under section 605(a), including statutory damages in the amount of $10,000, enhancement damages in the amount of $25,000, and attorneys' fees and costs in the amount of $3,225.15.

Plaintiff alleges in its complaint that it provides interstate direct broadcast satellite television programming to customers with specialized satellite equipment who pay a subscription fee. Plaintiff charges commercial establishments a higher subscription fee than residential customers. However, both commercial establishments and residential customers use the same satellite equipment and receive the same programming. As a result, it is possible for an individual to move satellite equipment authorized only for residential use to their commercial establishment to receive television programming there at the lower residential subscription fee.

On October 20, 2012, defendants received and displayed plaintiff's television programming in a commercial establishment. According to plaintiff's affidavit, an auditor working for plaintiff observed that the programming was an Alabama Crimson Tide vs. Tennessee Volunteers football game.[1] Plaintiff alleges that defendants did not have a commercial account with plaintiff and were not authorized to display plaintiff's television programming in their commercial establishment.

**DISCUSSION**

Defendants, by their default, admit plaintiff's well-pleaded allegations of fact. Ryan v. Homecomings Financial Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltf. V. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Defendants are not, however, held to admit conclusions of law. Id. Further, "the allegations of the complaint regarding the amount of damages suffered are not controlling." Joe Hand Promotions, Inc. v. Coaches Sports

---

[1] Plaintiff also submitted pictures and video taken by the auditor of the defendant establishment, the auditor's affidavit, and defendant Green's residential account records as exhibits to its affidavit.

2

Bar, 812 F. Supp. 2d 702, 703 (E.D.N.C. 2011). The court may consider evidence outside of the complaint to determine damages. See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998) (remanding for hearing on damages for default judgment); J & J Sports Prod., Inc. v. Segura, No. 5:12-CV-241-FL, 2013 WL 1498963, at *2, 3 (E.D.N.C. Apr. 10, 2013) (considering evidence in affidavits to determine damages).

A. Liability

Section 605(a) of the Communications Act provides, in part, as follows:

> [N]o person receiving ... any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee.... No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Here, plaintiff has established that defendants violated section 605(a). Defendant Green, although authorized to receive plaintiff's television programming for residential use, was not authorized to receive or display the programming for commercial use. Further, defendant Big Shots Entertainment Sports Bar & Grill was not authorized to receive or display plaintiff's television programming for any use.

B. Damages

1. Statutory Damages

Under 605(e)(3)(C)(i), the court may award actual damages, or statutory damages not less than $1,000 or more than $10,000. Plaintiff has opted for statutory damages.

Courts generally adopt one of two approaches to determine statutory damages under section 605. See J & J Sports Prod., Inc. v. Centro Celvesera La Zaona, LLC, No. 5:11-CV-00069-BR, 2011 WL 5191576, at *2 (E.D.N.C. Nov. 1, 2011); Kingvision Pay-Per-View, Ltd. v. Las Reynas

Restaurant, Inc., No. 4:07-CV-67-D, 2007 WL 2700008, at *2, 3 (E.D.N.C. Sept. 11, 2007). One approach applies a formula based on the fee for the broadcast and either the defendant establishment's maximum fire code occupancy or the number of patrons observed at the time of the broadcast. See, e.g., Segura, 2013 WL 1498963, at *3. The other approach awards a flat sum that the court feels is "just" in light of numerous factors, including:

> (1) whether the defendant profited as a result of his violation; (2) whether the defendant assisted or induced others in violating the statute; (3) whether the defendant's violation was willful or flagrant; (4) whether the damage award will be sufficient to deter similar conduct; and (5) whether the damage award is comparable to awards in similar cases.

DIRECTV, Inc. v. Grady, No. 5:06-CV-00163-FL (E.D.N.C., Order, Apr. 9, 2007) (quoting DIRECTV, Inc. v. Borich, No. Civ.A. 1:03-2146, 2004 WL 2359414, at *5 (S.D.W. Va. Sept. 7, 2004)).

Here, plaintiff has not alleged what it charges for a commercial subscription nor the fee for the broadcast. Because the court lacks this information, the court will award statutory damages as a flat sum. See Las Reynas, 2007 WL 2700008, at *3; DIRECTV, Inc. v. Ferri, No. 5:08-CV-122, 2009 WL 4406052, at *3, 4 (W.D.N.C. Nov. 25, 2009).

Plaintiff alleges one occasion on which defendants displayed plaintiff's television programming in a commercial establishment without authorization. A video of the occasion taken by plaintiff's auditor reveals that the establishment was nearly empty. There is no evidence that defendants charged a cover or advertised their establishment as a place to watch the Alabama Crimson Tide vs. Tennessee Volunteers football game. Thus, there is no evidence that defendants profited much from their violation. There is also no evidence that defendants assisted or induced others in violating the statute. Other courts that have considered a single unauthorized use of television programming under similar circumstances have concluded that $1,000 in statutory

4

damages is appropriate to deter similar conduct. See, e.g., DIRECTV, LLC v. Richter, No. 5:12-CV-801-BO, 2013 WL 5408662 (E.D.N.C. Sept. 25, 2013); DIRECTV, LLC v. Meadows, No. 1:13-CV-225-MR-DLH, 2014 WL 3894851 (W.D.N.C. Aug. 8. 2014); Ferri, 2009 WL 4406052. Therefore, in light of the relevant factors, the court concludes that $1,000 in statutory damages is appropriate here.

      2. Enhancement damages

Under 605(e)(3)(C)(ii), the court may award additional enhancement damages "of not more than $100,000" if it finds that defendants willfully violated section 605 for direct or indirect financial gain. Here, the allegations in the complaint support a determination that defendants willfully violated section 605 to commercially display plaintiff's television programming. Plaintiff only provides television programming to customers with specialized satellite equipment who pay a subscription fee. Defendants did not pay plaintiff a commercial subscription fee, yet they received and displayed plaintiff's television programming. Such circumstances support a determination that defendants either moved specialized satellite equipment authorized only for residential use to their commercial establishment or pirated the television programming through some other means. Therefore, enhancement damages are appropriate.

Typically, when courts award enhancement damages under section 605, absent other aggravating factors, they do so by trebling the statutory damages. See, e.g., Las Reynas, 2007 WL 2700008; Meadows, 2014 WL 3894851; cf. Centro Celvesera, 2011 WL 5191576 (awarding enhancement damages ten times greater than the statutory damages). Here, not finding any aggravating factors, in light of the circumstances of this case, the court determines that treble damages are warranted under section 605(e)(3)(C)(ii). Thus, the court will award $3,000 in enhancement damages.

5

C.   Costs and attorneys' fees

Under section 605(e)(3)(B)(iii), the court "shall direct the recovery of costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." In her affidavit, plaintiff's counsel claims total litigation costs amounting to $3,225.15. Upon review of the same, and upon careful consideration of the record in this case, the court determines this amount is reasonable. Therefore, the court will award $3,225.15 in costs, including attorneys' fees to plaintiff.

## CONCLUSION

In accordance with the foregoing, plaintiff's motion for default judgment is GRANTED to the extent set forth herein. In particular, the court awards $1,000 in statutory damages, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and an additional $3,000 in enhancement damages, pursuant to § 605(e)(3)(C)(ii), for a total damages award of $4,000. In addition, the court awards costs, including attorneys' fees, in the amount of $3,225.15. Defendants are jointly and severally liable for the total amount of damages and costs. The clerk of court is directed to close this case.

SO ORDERED this the 16th day of June, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge